ELECTRONIC

June 18, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

CASE NO.

OLGA RENTA,

**08-60938-CIV-COOKE/BANDSTRA**

    Plaintiff,

v.

CIGNA DENTAL HEALTH, INC, a
Florida corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, OLGA RENTA, ("Plaintiff" or "Ms. Renta") sues the Defendant, CIGNA DENTAL HEALTH, INC., a Florida corporation, ("CIGNA" or "Defendant") and as grounds therefor alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action against the Defendant CIGNA, to recover damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2 (a)(1), the Florida Civil Rights Act, Fla.Stat ch. 760, *et seq.*, and pendant claims for Negligent Supervision arising from the discriminatory practices of Plaintiff's supervisor.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1343 (3), 1367(a) and 42 U.S.C. Sections 2000e-2(a)(1) 1981 and 1988 and Florida Statute Chapter 760 *et. seq..* This Court has supplemental jurisdiction over the Florida statutory claims pursuant to 28 U.S.C. Section 1367 and original jurisdiction under 28 U.S.C. Section 1343(3).

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Section

1391(b) because all of the actions upon which this case is based were committed in the Southern District of Florida.

4. Plaintiff at all material times, was a United States citizen and lawful resident of West Palm Beach, Florida, over the age of 18, and was employed as an underwriter with Defendant CIGNA.

5. At all times material, CIGNA owned and operated a business which is located in the Southern District of Florida, is engaged in an industry affecting commerce, employs more than 500 persons, and was Plaintiff's employer at the time of the actions giving rise to this cause of action.

6. As jurisdictionally relevant, Plaintiff filed a charge of race discrimination with the United States Equal Employment Opportunity Commission which was assigned charge number 510 2007-04009. After investigating the matter, the Equal Employment Opportunity Commission issued a Letter of Determination concluding that CIGNA had retaliated against Plaintiff.

7. The Equal Employment Opportunity Commission issued its Notice of Right to Sue on March 20, 2008. In its Notice of Right to Sue, the Equal Employment Opportunity Commission "**found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matter alleged in the charge** . . ." This Notice of Right to Sue is attached as Exhibit "A".

8. Thus, all conditions precedent to the initiation of this action against CIGNA have been complied with through the administrative procedures of the Equal Employment Opportunity Commission.

*Renta v. Cigna*
*Case No.*
*Page No. 3*

## FACTS GIVING RISE TO CAUSE OF ACTION

9. Plaintiff worked for the Defendant continuously from April 10, 2006, thourgh May 24, 2007.

10. At the time of the denial of promotion and constructive discharge, Plaintiff was employed at CIGNA as an underwriter.

11. On September 12, 2006, Plaintiff was told by her supervisor, Umberto Veltri, that she was doing a good job and therefore could continue in her job without further supervision. According to Mr. Veltri, Plaintiff was on her way to becoming "a great underwriter." Plaintiff was identified as a witness on EEOC Charge No. 15A-2006-01135 on or about December 2006. She met with Ms. Mooyman, a CIGNA attorney, in the beginning of December 2006 and she asked if Plaintiff thought Ms. Veltri was fair, and Plaintiff told her she did not think he was fair in terms of the workload. After the meeting, the plans for Plaintiff's promotion changed. Plaintiff requested a status on her promotion in February 2007, and Mr. Veltri told her that she hadn't seen enough of Plaintiff's work. Plaintiff had to start meeting with him again for him to review her cases. Plaintiff requested a status on her promotion again in March 2007, and he told Plaintiff she did not have enough volume of work. Furthermore, he assigned her another market. Plaintiff took a three-week leave in April, and when she returned Mr. Veltri asked her if Plaintiff was planning on leaving CIGNA. Plaintiff never received the promotion and the promotion was given to antoher employee with less tenure and less experience than Plaintiff. Realizing that she could never get ahead in such a retaliatory environment, Plaintiff left her employment because she was constructively discharged.

12. Plaintiff was retaliated against because she engaged in protected activity and was

ultimately constructively discharged.

13. Retaliation was a motivating factor in the adverse employment actions experienced by Plaintiff, and but for these things, Plaintiff would still be working there.

14. Plaintiff was humiliated, embarrassed and shamed that she would be retaliated against in her job for such reasons, and he has suffered a great deal of mental anguish since and as a result of this.

15. Plaintiff lost his only source of employment as a result of the constructive discharge. She also lost all of his benefits that she received through her employment.

16. As a direct and proximate result of the acts and omissions of CIGNA, Plaintiff's rights under 42 U.S.C. Section 2000e-2(a)(1), and the Florida Civil Rights Act, Fla.Stat. Ch. 760 were violated and she suffered the following injuries:

1. Pain and suffering;

2. Medical expense in the past and in the future;

3. Mental anguish, including but not limited to embarrassment, humiliation, personal inconvenience and emotional distress;

4. Loss of capacity for the enjoyment of life;

5. Deprivation of life, liberty and property;

6. Legal fees and expense;

7. Loss of earnings in the past and future;

8. Loss of earning capacity;

9. Injury to reputation;

10. Loss of the rights described herein;

11. Back pay;

12. Value of or the reinstatement of all benefits that she would have enjoyed but for the constructive discharge including, but not limited to, bonuses, retirement and pension benefits, health insurance, meal benefits and vacation benefits;

13. Incidental expenses;

14. Front pay and benefits until Plaintiff attains the age of 70 and/or a reasonable time;

15. Liquidated damages; and

16. Any other relief this Court deems just and equitable.

Said damages are continuing in nature and Plaintiff will continue to suffer in the future.

17. Trial by jury demanded for all issues so triable if right by jury.

## COUNT I

### Claims for Retaliation in Violation of 42 U.S.C. Section 2000e-3(a)

18. Plaintiff adopts and alleges the jurisdictional and general allegations of paragraphs 1 through 17.

19. This is an action to recover damages and injunctive relief for retaliation brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-3(a).

20. The actions taken by Defendant are in violation of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-3(a).

21.     Plaintiff belongs to a protected class within the meaning of 42 U.S.C. Section 2000e-a(a)(1) because he engaged in protected activity.

22.     Plaintiff engaged in protected activity through participating in an investigation of an EEOC charge filed by a co-employee.

23.     Plaintiff was retaliated against for engaging in protected activity by being denied a promotion and then constructively discharged, which constitute adverse employment actions. The adverse employment actions was causally related to Plaintiff's protected activity.

24.     As a direct and proximate result of the actions or omissions set forth above, Plaintiff has sustained those damages set forth above, all of which she is entitled to recover by law.

25.     Defendant is liable because, as set forth above, their supervisory personnel were responsible for the retaliatory actions complained of, which actions were in violation of law, and no corrective action to stop and/or prevent it was undertaken.

26.     As a result of the deprivations of rights at the hands of Defendant, Plaintiff has been forced to hire an attorney and pay a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. Section 2000e-5k and otherwise by law.

WHEREFORE, Plaintiff, OLGA RENTA demands judgment against the Defendant, CIGNA, for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to 42 U.S.C. Section 2000, and further demands judgment for punitive damages and such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT II

### Retaliation in Violation of Florida Civil Rights Act, Fla.Stat.Ch. 760

27. Plaintiff adopts and realleges the jurisdictional and general allegations of paragraphs 1 through 17.

28. This is an action for damages and injunctive relief brought pursuant to the Florida Civil Rights Act. Fla.Stat.Ch. 760.

29. The conduct of the Defendant to the Plaintiff in relation to the conduct described above was in violation of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760.

30. As set forth above, Plaintiff engaged in protected activity through her participation in an EEOC investigation.

31. Plaintiff was retaliated against for engaging in protected activity by being denied promotion and constructively discharged, which constitute adverse employment actions. The adverse employment actions were causally related to Plaintiff's protected activity.

32. As a direct and proximate result of the actions or omissions set forth above, Plaintiff has sustained those damages set forth above, all of which she is entitled to recover by law.

33. Defendant is liable because, as set forth above, its management personnel were responsible for the actions complained of.

34. As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained those damages set forth above, all of which she is entitled to recover under the terms

of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760, *et.seq.*

35. As a result of the deprivations of rights at the hands of Defendants, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to the Florida Civil Rights Act, Fla.Stat.Ch. 760.

WHEREFORE, Plaintiff, OLGA RENTA, demands judgment against the Defendant, CIGNA, for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to 42 U.S.C. Section 1988, and further demands judgment for punitive damages and such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT III
### Negligent Supervision

36. Plaintiffs adopt and allege the allegations of paragraphs 1 through 17.

37. The above-described violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2 (a)(1), and the Florida Civil Rights Act, Fla.Stat ch. 760, *et seq.*, were committed by Defendant's agents either while they were acting within the course and scope of their duties or outside the course and scope of their duties as an employee or agent of Defendant CIGNA.

38. Defendant CIGNA had a duty to supervise its employees and agents in such a way as to prevent those employees and agents from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2 (a)(1), and the Florida Civil Rights Act, Fla.Stat ch. 760, *et seq.*,

39. Defendant CIGNA knew or should have known of the unwillingness of its supervisory personnel to adhere to the employment discrimination laws and negligently failed to

supervise its supervisory personnel to ensure that they complied with Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2 (a)(1), and the Florida Civil Rights Act, Fla.Stat ch. 760, *et seq.*, thereby causing injury to Plaintiff.

40. Defendant CIGNA is liable to Plaintiff for compensatory damages for all injuries caused by the negligent failure to prevent their employees and agents from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2 (a)(1), and the Florida Civil Rights Act, Fla.Stat ch. 760, *et seq.*,

WHEREFORE, Plaintiff OLGA RENTA demands judgment against the Defendant CIGNA for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees and further demands trial by jury for all issues so triable of right by jury.

**FEILER & LEACH, P.L.**
Attorney's for Plaintiff
The American Airlines Building
901 Ponce de Leon Blvd
Penthouse Suite
Coral Gables, Florida 33134
Telephone: (305) 441-8818
Facsimile: (305) 441-8081
mel@flmlegal.com

By: _____
**Martin E. Leach**
Florida Bar No. 0037990

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA<br>☒ EEOC | 510-2007-04009 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Olga Renta | (954) 895-4573 | 04-06-1975 |

Street Address: 660 Amador Lane, #5, West Palm Beach, FL 33401

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CIGNA HEALTHCARE OF FLORIDA, INC. | Unknown | (954) 423-5800 |

Street Address: 300 Northwest 82 Avenue, Suite 700, Plantation, FL 33324

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2007    Latest: 05-24-2007
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on April 10, 2006 as a Trainee. On September 12, 2006, I was told by my manager, Umberto Veltri, that I was doing a good job, and therefore could continue my work without further supervision. Per Mr. Veltri, I was on my way to become a great underwriter. I was identified as a witness on EEOC Charge No. 15A-2006-01135 on/about December 2006. I met with Ms. Mooyman, Cigna Attorney, in the beginning of December, 2006 and she asked if I thought Mr. Veltri was fair, and I told her I did not think he was fair with the workload. After that meeting, the plans for my promotion seemed to change. I requested a status on my promotion in February, an Mr. Veltri told me that he hadn't seen enough of my work. I had to start meeting with him again for him to review my cases. I requested a status on my promotion again in March, and he told me I did not have the enough of a volume of work; he assigned me another market. I took a 3-week leave in April, and when I returned Mr. Veltri asked me if I was planning on leaving Cigna. To date, I have not received my promotion although I have received numerous awards and recognition for my work. Another employee that has less tenure and experience than me received his promotion.

I believe that I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, by not being promoted.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Date | Charging Party Signature

EXHIBIT "A"

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed

June 18, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
OLGA RENTA

### DEFENDANTS
CIGNA DENTAL HEALTH, INC.

(b) County of Residence of First Listed Plaintiff **Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Broward**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Martin E. Leach
901 Ponce De Leon Blvd, Penthouse Ste
Coral Gables, Florida 33134
(305) 441-8818 Tel    (305) 441-8081 Fax

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

FTL 08CV60938 Cooke/Bandstra

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | ☒ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE                DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity:
42 U.S.C. Section 2000e employment discrimination/retaliation
LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
Martin E. Leach

DATE
June 18, 2008

FOR OFFICE USE ONLY
AMOUNT $350.00    RECEIPT # 98243
06/18/08