UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-60938-CIV-COOKE/BANDSTRA

OLGA RENTA,

Plaintiff,

v.

CIGNA DENTAL HEALTH, INC.,

Defendant.

_________________________________/

**DEFENDANT'S PROPOSED VOIR DIRE**
**EXAMINATION OF THE JURY PANEL**

Defendant, CIGNA Dental Health, Inc. pursuant to the Court's Order Setting Civil Jury Trial Date and Pretrial Deadlines of November 4, 2008, submits the following Proposed Voir Dire Examination of the Jury Panel:

1. Do you or any member of your family know Ms. Olga Renta? If so, in what manner, i.e., are you related to her, or do you know her socially or through business?

2. Do any of you or any of your immediate family members know Plaintiff's Attorney, Martin E. Leach? If so, in what manner, i.e., are you related to him, or do you know him socially or through business? If you are related to or have had any social or business dealings with Plaintiff's counsel, please state the nature of the relationship or dealings and whether that relationship or those dealings would prevent you from being a fair and impartial juror in this case.

3. Ms. Renta worked for a company called CIGNA Dental Health, Inc. Have any of you or has any member of your immediate family ever worked for CIGNA? If so, please explain.

4. Do any of you know any persons who have worked for or who are currently working for CIGNA. If so:

a. Please state the name of that employee;

b. Please state the nature of the acquaintance; and

c. Would your acquaintance with that person prevent you from being a fair and impartial juror in this case?

5. Have you or has anyone in your immediate family ever had any business dealings with CIGNA? If so:

a. Please state the nature of those business dealings; and

b. Would those business dealings prevent you from being a fair and impartial juror in this case?

6. Have any of you or has any member of your immediate family ever had a dispute, claim or lawsuit against or with CIGNA? If so, what happened? Would the outcome of that dispute, claim or lawsuit prevent you from being a fair and impartial juror in this case?

7. The attorney representing the Defendant in this lawsuit is Courtney B. Wilson. Courtney B. Wilson is an attorney with the law firm of Littler Mendelson, P.C., in Miami, Florida.

a. Do any of you know this attorney?

b. Have any of you had any dealings with this attorney?

c. If so, please state the nature of those dealings.

8. The Plaintiff has listed the following witnesses who will testify on her behalf. I will read you the names of those witnesses who will testify on the Plaintiff's behalf. Do you know any of them, and, if so, in what manner?

*See Plaintiff's Witness List.*

9. The Defendant has listed the following witnesses who will testify on its behalf. I will read you the names of those witnesses and ask you if you know any of them. If so, in what manner.

*See Defendant's Witness List.*

10. Have you or has any member of your immediate family ever been a plaintiff or a defendant in a civil lawsuit? If so:

a. Please state whether you were a plaintiff or a defendant;

b. Please state the nature of the suit; and

c. Please state the name of the other party or parties who were involved in the lawsuit.

11. Have you or has any member of your immediate family been discriminated against on your job?

12. Have you or has any member of your immediate family been retaliated against on your job because you complained about discrimination?

13. Have you or has any member of your immediate family ever been a plaintiff or a defendant in a case involving employment discrimination or unlawful retaliation? If so:

a. Please state whether you were a plaintiff or a defendant;

b. Please state the nature of the suit; and

c. Please state the name of the other party or parties who were involved in the lawsuit.

14. Have you or has any member of your immediate family ever worked for a firm or a company that has been a plaintiff or a defendant in an employment discrimination or retaliation case? If so, please explain.

15. Have you or has any member of your immediate family been a witness in a case involving employment discrimination or retaliation? If so, please explain.

16. Have any of you or has any member of your immediate family ever been fired or dismissed from a job? If so, please explain.

17. Have any of you or has any member of your immediate family ever sued or threatened to sue an employer, supervisor, or fellow employee? If so, please explain.

18. Have any of you filed charges of discrimination with the Equal Employment Opportunity Commission, [state discrimination agency], [state workers compensation and unemployment compensation agency], the National Labor Relations Board, or any other governmental agency? If so, please explain.

19. Have you or any member of your immediate family ever attempted or actually given evidence, deposition testimony, or live testimony in an administrative or court proceeding against your employer? If so, please explain.

20. Have you or has any member of your family utilized grievance procedures against an employer or fellow employee? If so, please explain.

21. Will the fact that the defendant is a business and will be represented by a law firm in any way influence your decision in this case? If so, please explain.

22. Do any of you believe that a plaintiff, that is, a person who sues someone else, is automatically entitled to recover something just because he brought the lawsuit? If so, please explain.

23. Do any of you believe that a plaintiff, that is, a person who sues a large company, is automatically entitled to recover something just because he brought the lawsuit and the company will perhaps be able to pay the judgment? If so, please explain.

24. Do any of you believe that a business, a company, or a corporation is not entitled to come into court and defend itself as you would have the right to do if you, individually, wanted to bring a lawsuit or to defend a lawsuit? If so, please explain.

25. Do any of you think that an employer does not have the right to decide when to promote someone if the company has a legitimate reason for doing so?

26. Ms. Renta was an employee at will. "Employment at will" means that an employer has the right to terminate an employee for any reason or no reason at all as long as it is not an unlawful reason.

a. Does anyone think this is unfair or improper?

b. Does everyone understand that CIGNA's business judgment is not at issue?

c. Even if CIGNA somehow made a mistake in its judgment regarding Ms. Renta, does everyone here understand that unless it took some action against her because she engaged in protected activity, it did nothing illegal?

27. Does anyone think that merely because a company failed to follow its own policies, it must have unlawfully discriminated against an employee?

28. The media often claims companies are only interested in profits and not people. Do any of you agree with the claim? If so, please explain.

29. Our judicial system provides that it is up to the plaintiff to prove his allegations by a preponderance of the credible evidence. It is not up to the defendant to disprove the

plaintiff's charges. If Plaintiff fails to convince you that its allegations in this lawsuit are true, would any of you have any difficulty returning a verdict for CIGNA?

30. Is there any member of the jury panel who thinks that the defendant must have done something wrong or it would not have been sued? If so, please explain.

31. The Court will explain to you that you are not only the sole triers of the facts of this case, but also that you must make your determination in accordance with the Court's instructions and in accordance with the rules of law. No matter what your opinion of what the law ought to be, you are required to base your verdict on the law as given by the instructions of the Court, whether or not you personally feel that the verdict is fair. Do any of you feel that you cannot carry out this responsibility?

32. Do any of you know any fact, or is there anything in your background, which, if it were known to the plaintiff or counsel for the defendant, might cause them to select some other juror in preference to you to sit in this case? If so, please explain.

33. Do any of you have any personal or business problems which would preoccupy you and which would prevent you from giving your undivided attention to this case, if selected to serve on the jury? If so, please explain.

Respectfully submitted,

LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

By:*/s/Courtney B. Wilson*
Courtney B. Wilson, Esq.
Florida Bar No. 0614580

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Courtney B.Wilson*
Courtney B. Wilson

**SERVICE LIST**

Martin E. Leach, Esq.
FEILER & LEACH, P.L.
Penthouse Suite
The American Airlines Building
901 Ponce de Leon Boulevard
Coral Gables, FL 33134
Tel: 305.441.8818
Fax: 305.441.8081
E-Mail: mel@flmlegal.com
*Attorneys for Plaintiff*
[Via Notice of Electronic Filing]

Courtney B. Wilson, Esq.
LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite 1500
2 South Biscayne Boulevard
Miami, FL 33131
Tel. 305.400.7500
Fax 305.603.2552
E-Mail: cwilson@littler.com
*Counsel for Defendant*