UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 08-60938-CIV COOKE/BANDSTRA

OLGA RENTA,

    *Plaintiff*,

v.

CIGNA DENTAL HEALTH, INC.,

    *Defendant.*

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before me on Defendant's Motion for Summary Judgment [D.E. 38]. The motion has been fully briefed, and I have reviewed the arguments, the record, and the relevant legal authority. For the reasons stated below, Defendant's Motion for Summary Judgment is denied.

**I. BACKGROUND**

This is a retaliation case brought by Olga Renta against her former employer, Cigna Dental Health, Inc. ("Cigna"). Cigna hired Plaintiff on April 10, 2006 as an underwriter trainee. (Pl. Resp. 3 [D.E. 42].) Underwriter trainees undergo an educational and training process prior to being promoted to full underwriters. (Mot. Summ. J. 4 [D.E. 38].) There is no set schedule for promotion, or even a guarantee that a promotion will be made. (Veltri Dep. 53-55, Mar. 3, 2009 [D.E. 39-2].) Plaintiff states, at the time of being hired, she was told to expect a promotion within a year or less. (Decl. of Olga Renta 3 [D.E. 43].) Plaintiff has testified that she saw other underwriter trainees being promoted within nine to eleven months after being hired. (Mot.

Summ. J. 5 [D.E. 38].)  Plaintiff claims, she was told on numerous occasions that based on her progress, she could expect her promotion by, at the latest, the early part of 2007.  (Mot. Summ. J. 4-5 [D.E. 38].)

Sometime in 2006, another Cigna employee, Marissa Snell, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Plaintiff's supervisor, Umberto Veltri.  (Mot. Summ. J. 5 [D.E. 38].)  On January 22, 2007, as part of the EEOC investigation, Plaintiff participated in an interview with a Cigna attorney and an EEOC investigator.  (*Id.*)  In this interview, Plaintiff reported: (1) that Snell's workload was unfairly large compared with others Cigna employees, and (2) that Veltri told Plaintiff not to associate with Snell.  (Decl. of Olga Renta, Ex. B [D.E. 43].)  Veltri was aware of Plaintiff's participation in the EEOC investigation, although he did not participate in the actual interview.  (Decl. of Olga Renta 5 [D.E. 43]; Mot. Summ. J. 5 [D.E. 38]).

Plaintiff claims, Veltri's behavior towards her changed drastically for the worse after her EEOC interview; she argues that Veltri's retaliatory motive is demonstrated by his unjustified delay in considering whether to promote her, while at the same time, promoting other less experienced and less qualified employees.  (Decl. of Olga Renta 7-8 [D.E. 43].)  Cigna counters, focusing on two recognition awards and three congratulatory emails that passed from Veltri to Plaintiff between January 2007 and February 2007, as proof that Veltri's behavior was positive, encouraging, and non-retaliatory.  (Mot. Summ. J. 6-7 [D.E. 38].)  Sometime between February and April 2007, Plaintiff approached Veltri and the Manager of Human Resources, about the delay in her evaluation for promotion, and was told that Veltri needed to see more of her work.  (Decl. of Olga Renta 12 [D.E. 43].)  Cigna claims, in June 2007, Veltri requested and obtained

permission to offer Plaintiff the promotion to underwriter. (Mot. Summ. J. 8 [D.E. 38].) Plaintiff resigned in July 2007, prior to being told anything about the promotion. (*Id.*)

## II. LEGAL STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### III. DISCUSSION

Discrimination against an employee for engaging in a protected activity, is prohibited by Title VII. *See* 42 U.S.C. § 2000e-3(a). The Florida Civil Rights Act has been interpreted in an identical fashion, as it is modeled after Title VII. *See* Fla. Stat. § 760.10(7) (2007); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). A prima facie case of retaliation under Title VII involves: (1) a statutorily protected expression; (2) an adverse employment action; and (3) some causal relation between the two events. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

Cigna argues, there are no unresolved issues of material fact, and Plaintiff has failed to meet the threshold burden of establishing a prima facie case of retaliation. Specifically, Cigna asserts: (1) Plaintiff's participation in the EEOC investigation was not a protected activity because Veltri did not have actual knowledge of the substance of Plaintiff's statements; (2) a delayed consideration for promotion cannot constitute an adverse employment action; and (3) Plaintiff has not sufficiently established the temporal proximity between the protected activity and the adverse action such as to establish a causal link between the two events.

#### A. *Protected Activity*

Congress created two types of protected activities under 42 U.S.C. § 2000e-3(a). An employer may not discriminate against an employee because she has (1) opposed an unlawful employment practice (the opposition clause), or (2) "participated in any manner in an [EEOC] investigation" (the participation clause). *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1350 (11th Cir. 1999).

Cigna argues, Plaintiff cannot establish that she engaged in a protected activity because

Veltri was not aware of the substance of Plaintiff's statements to the EEOC investigator. This argument fails because there is no requirement under Title VII's participation clause that a decision-maker have actual knowledge of the particular statements made by an employee while participating in an investigation. *Cf. Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185-86 (11th Cir. 1997) ("Under the plain language of [Title VII's anti-retaliation provision], those who testify or otherwise participate in a Title VII proceeding are protected from retaliation for having done so, even if it turns out they were not of any assistance to the Title VII claimant."). Cigna's reliance on *Clover*, and *Brungard v. Bellsouth Telecommunications, Inc.*, 231 F.3d 791 (11th Cir. 2000), for the contrary proposition is misplaced.[1] This line of argument is more properly focused at the third element in the retaliation claim, i.e. the inquiry of whether a causal connection existed between the protected activity and the adverse action initiated by the decision-maker. Contrary to Cigna's arguments, I find that Plaintiff has demonstrated that she engaged in a protected activity.

## B. Adverse Employment Action

Conduct prohibited under the anti-retaliation provision of Title VII is broader in scope than conduct prohibited by Title VII's anti-discrimination provision. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). An adverse action for purposes of the retaliation clause of Title VII need not rise to the level of an "ultimate employment decision" or "substantial

---

[1] In *Clover*, the court found that the plaintiff failed to show a causal link between the protected participation and the decision to terminate her employment because she did not introduce any evidence that the decision-maker was even aware that she had participated in the investigation. *Clover*, 176 F.3d at 1355. Similarly, the court in *Brungard* found that the plaintiff failed to show a causal link between her request for FMLA leave and the decision to fire her because there was no evidence that the decision-maker was aware of her request. *Brungard*, 231 F.3d at 798-800.

employment action." *Crawford v. Carroll*, 529 F.3d 961, 973-74 (11th Cir. 2008). A plaintiff bringing a retaliation claim must "show that a reasonable employee would have found the challenged action materially adverse," such that it well might have dissuaded her from making or supporting a charge of discrimination. *Id.* at 68 (internal quotation and citation omitted).

Cigna argues, a delay in considering whether to promote a person cannot constitute an adverse employment action under Title VII's Retaliation Clause. In this case, a promotion to full underwriter brought with it an increase in pay as well as prestige. A reasonable employee could have found this delay to be materially adverse, and might very well have been dissuaded by this action from participating in an EEOC investigation. Therefore, Cigna's motion for summary judgment, as to this issue, must be denied.

### C. Causal Relation

As discussed above, a plaintiff must establish a causal link between the protected activity and the adverse employment action. *Pennington*, 261 F.3d at 1266. This element may be satisfied by showing a "close temporal proximity" between the decision-maker's knowledge of the protected activity and the adverse action. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). A "close temporal proximity" is between one and two months. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (explaining that a three to four month disparity between the statutorily protected expression and the adverse employment action is insufficient to show a causal connection).

In this case, the issue turns on when the adverse action began. Cigna argues, summary judgment should be granted because Plaintiff is unable to pinpoint a specific date when the delay in considering her for promotion began, or to state a particular date when her promotion should

have been made.  If Cigna began delaying the decision to consider Plaintiff for the promotion anytime between January and March 2007, then Plaintiff would satisfy the "close temporal proximity" requirement.  Plaintiff's response focuses on statements made by Cigna regarding her progress, and the dates that other underwriter trainees were promoted.  From this evidence Plaintiff argues, it can be inferred that she should have been promoted sometime between late January and April 2007.  Accordingly, I find that Plaintiff has established sufficient facts to create a genuine issue as to whether the alleged delay in considering her promotion occurred close enough to the EEOC interview to establish a causal link between the two.

## IV. Conclusion

For the reasons explained above, it is **ORDERED and ADJUDGED** that Cigna's Motion for Summary Judgment [D.E. 38] is **DENIED**.

**DONE and ORDERED** in Miami, Florida, this 29th day of October 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*