UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 08-60938-CIV  COOKE/BANDSTRA

OLGA RENTA,

    *Plaintiff*,

v.

CIGNA DENTAL HEALTH, INC.,

    *Defendant*.

_____/

## ORDER DENYING DEFENDANT'S MOTION *IN LIMINE*
## (RE: EEOC DETERMINATION)

THIS MATTER is before me on Defendant's motion *in limine* to exclude the EEOC "cause" finding [D.E. 58], as filed on November 20, 2009.  As a threshold matter, I note that my scheduling order in this matter [D.E. 11] required the Parties to file a joint summary of their respective motions *in limine*.  This joint summary was due on September 21, 2009.  No joint summary was filed in this matter. Despite this disregard of my scheduling order, I will address this motion in the interest of expediting the matter.  Having reviewed the motion, the record, and the relevant legal authority, Defendant's motion *in limine* is denied for the reasons explained below.

## BACKGROUND

This is a retaliation case brought under Title VII of the Civil Rights Act of 1964.  Plaintiff, Olga Renta, claims that while she was employed with Cigna Dental Health, Inc. ("Cigna"), her supervisor, Umberto Veltri, delayed or denied her promotion from Underwriter Trainee to full Underwriter.  Ms. Renta alleges that this delay/denial was because she spoke with an Equal Employment Opportunity Commission ("EEOC") investigator, regarding a pending discrimination charge filed by another Cigna underwriter.  Ms. Renta, filed a charge of discrimination with the EEOC, and the EEOC found that reasonable cause existed to believe that violations occurred.  Sometime thereafter, Ms. Renta instituted

this lawsuit. Cigna has moved to exclude from reference at trial, evidence relating to the EEOC's finding of "cause."

## LEGAL STANDARDS

Any evidence tending to make the existence of any fact of consequence more probable or less probable is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence. Fed. R. Evid. 401 & 402. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

An EEOC determination is normally admissible, so long as the EEOC determination is placed in the "proper context." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1288 (11th Cir. 2008). The parties can place an EEOC determination in the proper context by presenting evidence at trial. *See id.* A court may also issue an instruction to place an EEOC determination in the proper context. *See id.* at 1288-89. This instruction should explain what an EEOC determination is, emphasizing that it is not an adjudication of rights and liabilities. *Id.*[1]

---

[1] In *Goldsmith*, 513 F.3d 1261, 1288-89, the Eleventh Circuit Court of Appeals expressly approved of the following jury instruction with respect to the use of an EEOC determination:

> [T]he plaintiff sued the defendant for violation of his rights under Title VII of the Civil Rights Act of 1964. Pursuant to that Act, an individual who believes his rights have been infringed upon must first file a "Charge of Discrimination" with the Equal Employment Opportunity Commission, or the EEOC as it is called, before he or she may bring a lawsuit.
>
> Upon receiving that charge, the EEOC must investigate the allegation. After investigation, the EEOC may either determine that there is not reasonable cause to believe the charge is true and dismiss the charge or determine that there is reasonable cause to believe that charge is true. Whether or not the EEOC determines cause, the person who alleges to be aggrieved may file a lawsuit. The EEOC's reasonable cause determination is not an adjudication of rights and liabilities. Indeed, it is a nonadversary proceeding designed to notify the employer of the EEOC's findings, which is not reviewable in court and not binding on the employer.

## DISCUSSION

In this case, there is no dispute that the EEOC determination of reasonable cause is relevant. Cigna's only argument to exclude this evidence is that its probative value is substantially outweighed by the danger of misleading the jurors, confusing the issues, or causing unfair prejudice. In support of this position, Cigna argues that Ms. Renta's allegations in the EEOC charge are slightly different from her testimony in this case. This argument indicates that Cigna has evidence with which to impugn the credibility of Ms. Renta, or of the EEOC determination, or both. In either case, this demonstrates that admitting this evidence would not be unfairly prejudicial to Cigna, since it has the ability to rebut the evidence. Cigna also argues that if this evidence were admitted, it would be compelled to produce evidence to place the EEOC determination in context. This argument reveals that the EEOC determination can be placed in the proper context through the introduction of evidence at trial.

## CONCLUSION

Cigna has failed to demonstrate that the probative value of the EEOC determination would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. For the reasons above, it is **ORDERED and ADJUDGED** that Defendant's motion *in limine* to exclude the EEOC "cause" finding [D.E. 58] is **DENIED**.

**DONE and ORDERED** in Chambers, Miami, Florida, this 24th day of November 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*